UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | | |
|---|---|---|
| RETHA R. WILLIS, | ) | |
| | ) | |
| Plaintiff, | ) | 3:10-cv-08258 JWS |
| | ) | |
| vs. | ) | ORDER AND OPINION |
| | ) | |
| WALGREEN CO., *et al.*, | ) | [Re: Motion at Docket 6] |
| | ) | |
| Defendants. | ) | |
| | ) | |

## I. MOTION PRESENTED

At docket 6, defendant Walgreen Co. ("defendant" or "Walgreens") moves, pursuant to Federal Rule 12(b)(6), to dismiss plaintiff's claim for negligent infliction of emotional distress.[1] Plaintiff Retha R. Willis ("plaintiff" or "Willis") opposes the motion at docket 13. Walgreens' reply is at docket 14. Oral argument was not requested and would not assist the court.

---

[1] Plaintiff's claim is labeled "reckless infliction of emotional distress." Because there is no such claim under Arizona law, and intentional infliction of emotional distress is asserted separately, the court will treat plaintiff's "reckless" infliction of emotional distress claim as a claim for negligent infliction of emotional distress.

## II.  BACKGROUND

Willis was hired by Walgreens in July 2008.  She is African-American and suffers from glaucoma.  She "has no vision in her right eye, and . . . has restricted tunnel vision in her left eye."[2]  Willis maintains that she was harassed by other employees at Walgreens and subjected to derogatory comments based on her race.  Specifically, Willis alleges that "nearly every day" for seven months, co-workers turned off the lights in the employee break room, leaving Willis almost completely blind.[3]  Willis alleges that her superiors did nothing to remedy the situation despite her complaints and that they held her "to a different standard than her non-Black, non-disabled co-workers."[4]  She maintains that she was written up four times for incidents stemming from the harassment and that she was unable to read language on disciplinary forms entitling her to provide her side of the story.

Willis filed this suit on December 29, 2010.  She asserted claims for violations of Title VII (Counts I and II), the Americans with Disabilities Act (Counts III and IV), various Arizona civil rights statutes (Counts V and VI), "reckless" infliction of emotional distress (Count VII), and intentional infliction of emotional distress (Count VIII).  Willis named only Walgreens and several fictitious entities as defendants.

---

[2]Doc. 1 ¶ 9.

[3]*Id.* ¶¶ 18, 20.

[4]*Id.* ¶ 23.

### III.  STANDARD OF REVIEW

A motion to dismiss for failure to state a claim, pursuant to Federal Rule of Civil Procedure 12(b)(6), tests the legal sufficiency of a plaintiff's claims.  In reviewing such a motion, "[a]ll allegations of material fact in the complaint are taken as true and construed in the light most favorable to the nonmoving party."[5]  Dismissal for failure to state a claim can be based on either "the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."[6]  "Conclusory allegations of law . . . are insufficient to defeat a motion to dismiss."[7]  To avoid dismissal, a plaintiff must plead facts sufficient to "state a claim to relief that is plausible on its face."[8]  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[9]  "The plausibility standard is not akin to a 'probability requirement' but it asks for more than a sheer possibility that a defendant has acted unlawfully."[10]  "Where a complaint pleads facts that are 'merely consistent' with a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'"[11]  "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual

---

[5] *Vignolo v. Miller,* 120 F.3d 1075, 1077 (9th Cir. 1997).

[6] *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990).

[7] *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001).

[8] *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

[9] *Id.*

[10] *Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

[11] *Id.* (quoting *Twombly*, 550 U.S. at 557).

content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."[12]

## IV.  DISCUSSION

### A.  Negligent Infliction of Emotional Distress Claim

Defendant argues that plaintiff's negligent infliction of emotional distress claim is barred by Arizona's workers' compensation scheme.[13]  Plaintiff does not oppose dismissal of that claim and acquiesces in its dismissal.[14]

### B. Fictitious Defendants

Defendant argues that because the Federal Rules of Civil Procedure do not provide for fictitious defendants, the numerous fictitious parties named in plaintiff's complaint must be dismissed.[15]  "As a general rule, the use of [fictitious defendants] is not favored" in federal court.[16]  However, "where the identity of the alleged defendant is not known prior to the filing of a complaint, the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds."[17]

---

[12]*Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

[13]Doc. 6 at 3.

[14]Doc. 13 at 2.

[15]Doc. 6 at 5–6.

[16]*Gillespie v. Civiletti*, 629 F.2d 637 (9th Cir. 1980).

[17]*Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999) (internal quotations omitted).

Here, Willis maintains that because of her glaucoma, she had difficulty reading co-workers' identification badges and that, to the extent she could read them, they only contained first names.[18] Similarly, she is unable to identify which employees turned out the lights in the break room because she "was rendered completely sightless" by their actions.[19] The force of plaintiff's argument is somewhat reduced because several offending co-workers are identified by name in the complaint but not named as defendants.[20] Although it does not seem that discovery practice is necessary to obtain the full names of other responsible parties, there is nothing to suggest that discovery could not uncover their identities. Because jurisdiction is premised on the presence of a federal question and the supplemental jurisdiction statute, there is no possibility that diversity would be destroyed when those parties are identified. Although the court agrees with defendants that Federal Rules 15 and 16 provide plaintiff with procedural mechanisms by which to amend her complaint, *Gillespie v. Civiletti*[21] and *Wakefield v. Thompson*[22] counsel against dismissal of the fictitious defendants in this instance.

## V.  CONCLUSION

For the foregoing reasons, defendant's motion at docket 6 to dismiss plaintiff's claim for negligent infliction of emotional distress and to dismiss the fictitious parties is **GRANTED** in part and **DENIED** in part as follows:

---

[18] Doc. 13 at 5.

[19] *Id.*

[20] *E.g.*, doc. 1 ¶¶ 16, 17, 19.

[21] 629 F.2d at 642, 643.

[22] 177 F.3d at 1163.

1) It is **GRANTED** insofar as plaintiff's claim for negligent infliction of emotional distress (labeled "reckless" infliction of emotional distress in the complaint) is **DISMISSED**.

2) It is **DENIED** insofar as plaintiff will be given the opportunity to identify the unknown defendants through discovery.

DATED this 28th day of February 2011.

/s/ JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE